IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JANIS SAKAE OKAWAKI, | CIVIL NO. 16-00232 DKW-KSC |
| Plaintiff, | **ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT** |
| vs. | |
| FIRST HAWAIIAN BANK, *et al.*, | |
| Defendants. | |

**ORDER DENYING EX PARTE MOTION FOR
TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT**

**INTRODUCTION**

On May 13, 2016, Plaintiff Janis Sakae Okawaki, proceeding pro se, filed a

Complaint and letter entitled "Ex Parte Communications with U.S. Federal District

Court Magistrate," which the Court construes as an ex parte motion for a temporary

restraining order ("Motion").   Because Okawaki has made no showing of either a

likelihood of success on the merits or irreparable harm, the Motion is DENIED.

With respect to the Complaint, it is difficult, if not impossible, to discern any

cognizable claims, and any mention of possible causes of action lack plausible,

supporting factual allegations.   Accordingly, Plaintiff fails to state a claim for

1

relief, the Court is without subject matter jurisdiction, and the Complaint is DISMISSED with leave to amend.

## DISCUSSION

Mindful that Plaintiff is proceeding pro se, the Court liberally construes her pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

## I.    The Motion Is Denied

Plaintiff seeks a restraining order against all defendants named in the Complaint.   According to Plaintiff,

> Because of this on-going criminal enterprise (even with this case pending in U.S. federal District Court), I need 24 hour 7 day a week security especially on court day.   I am requesting a mandate of 24 hour 7 day a week U.S. Marshall escorts for my protection against my Defendants in my civil suit until the threat against my life is over.

Motion at 1 (Dkt. No. 2).   The legal authority for Plaintiff's unusual request is unclear.[1]

---

[1]To the extent Plaintiff seeks a "restraining order against all defendants" for "her protection against my defendants in my civil suit until the threat against my life is over," Hawaii Revised Statutes § 604-10.5(c) grants Hawaii state district courts the power to enjoin and temporarily restrain harassment, as follows: "Any person who has been subjected to harassment may petition

A court may issue a temporary restraining order ("TRO") without written or oral notice to the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."   Fed.R.Civ.P. 65(b)(1)(A).   Plaintiff makes no attempt at satisfying this burden.   She has not provided any specific, credible facts establishing that immediate and irreparable injury, loss, or damage will result to anyone.   Here, neither the Motion nor the Complaint establishes any plausible likelihood of irreparable injury.   Plaintiff also failed to certify in writing any efforts made to give notice to defendants or the reasons why notice should not be required before a TRO is considered or issued.   *See* Fed.R.Civ.P. 65(b)(1)(B).   Nor has Plaintiff made any effort to demonstrate that notice is impossible or fruitless, as required for an ex parte TRO.   *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (finding that a TRO was improperly issued because notice to the adverse party was neither impossible nor would it render the action fruitless).

Moreover, even if defendants did have notice of the TRO, Plaintiff fails to meet the substantive burden to justify the remedy she seeks.   The standard for

_____

the district court of the district in which the petitioner resides for a temporary restraining order and an injunction from further harassment."   If Plaintiff desires the relief sought in her Motion, she may consider whether this action should be more appropriately brought in Hawaii state court.

issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See, e.g., Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999). A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *Winter* emphasized that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is likely in the absence of an injunction." 555 U.S. at 22; s*ee also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

As discussed below, Plaintiff fails to state either a claim upon which relief may be granted or a legitimate basis for this Court's subject matter jurisdiction. In short, nothing in the Motion or Complaint demonstrates any past or imminent future injury to Plaintiff caused by defendants sufficient to justify the relief sought. The protracted and hyperbolic allegations in the Complaint and Motion present no

serious question that she is in danger of irreparable injury, that the balance of equities tips in her favor, or that an injunction is in the public interest. *Alliance for Wild Rockies*, 632 F.3d at 1135.   Accordingly, Plaintiff's Motion is DENIED.

## II.   The Complaint Is Dismissed With Leave to Amend

Having carefully reviewed the lengthy Complaint and exhibits attached thereto, the Court concludes that it fails to state a claim or provide any basis for the Court's subject matter jurisdiction, for the reasons stated below.

### A.   Failure to Comply With Rule 8

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2).   Further, "[e]ach allegation must be simple, concise, and direct."   Fed.R.Civ.P. 8(d)(1).   A court may dismiss a complaint for failure to satisfy Rule 8 if it is so confusing that its "'true substance, if any, is well disguised.'" *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast*

*Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice[.]").

Stated differently, a complaint may be dismissed for failure to comply with Rule 8 where it fails to provide the defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Even given the most liberal construction possible, the allegations in the Complaint are rambling, incoherent, and utterly fail to state any sort of claim against any defendant.   The Complaint is wholly nonsensical and has no apparent relationship to any claim for judicial relief.   It does not identify any specific claim or factual allegation that can be said to provide defendants fair notice of the wrongs they have allegedly committed that form the basis for this lawsuit, beyond generalized past grievances.   The Complaint is so verbose, confusing, and disorganized, that the Court and parties would need to guess at its substance, such that dismissal is appropriate on this basis. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (citing *Gillibeau*, 417 F.2d at 431 (stating that dismissal is appropriate where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised)).

6

### B.   <u>Failure To State A Claim Under Rule 12(b)(6)</u>

The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Court may dismiss a complaint on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at

555).   Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).   In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Here, Plaintiff alleges that multiple defendants "are conspiring to commit an organized crime in violation of the 1970 Racketeering Influenced Corrupt Organizations Act (RICO)," and she asks "the court to prosecute ALL TERRORISTS who were beneficiaries of loans as received income from MY TRUST without my permission."   Complaint at 2-3.   The Complaint also notes that, "when I go in person to First Hawaii Bank, First Hawaiian Bank employees are instructed to call the Honolulu Police Department and have me arrested for trespassing and bank robbery," *id.* at 6, and "I have been in and out of psychiatric involuntary hospitalizations over 75 times from the year 2000 due to the TERRORISTS." *Id.* at 33.   According to Plaintiff, "all of my involuntary holds were illegal (a conspiracy to unlawfully imprison me in an ongoing illegal racketeering enterprise which is a violation of the RICO Act)." *Id.* at 11.

8

To the extent she attempts to allege a civil RICO claim, Plaintiff must prove "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); *see* also 18 U.S.C. § 1961. The Complaint does not sufficiently plead any of these elements. Plaintiff does not identify the predicate acts that form the basis of the alleged "scheme of racketeering." *See Graf v. Peoples*, 2008 WL 4189657, *6 (C.D. Cal. Sept. 4, 2008) ("Plaintiff does not expressly identify any RICO predicate acts, but simply incorporates his previous allegations. Such 'shotgun' pleading is insufficient to plead a RICO claim.") (citing *Savage v. Council on American–Islamic Relations, Inc.*, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (finding that a RICO claim was insufficient where plaintiff set forth a "redundant narrative of allegations and conclusions of law, but [made] no attempt to allege what facts are material to his claims under the RICO statute, or what facts are used to support what claims under particular subsections of RICO"); and *Federal Reserve Bank of San Francisco v. HK Systems*, 1997 WL 227955, at *3 (N.D. Cal. Apr. 24, 1997) (finding that a complaint was insufficient for failure to "identify exactly which acts are 'predicate acts' for RICO liability")).

9

To the extent she attempts to state a claim for "terroristic prostitution," by means of "terroristic threatening" and "promoting prostitution" under "a contractual obligation for a fee," the vaguely alleged conduct is not "a violation of the 1970 RICO Act."   Complaint at 2.   The novel theory of liability that she purportedly "developed," *see id*., does not state a claim for relief under federal or state law.

In short, Plaintiff fails to set forth factual content that allows the Court to draw the reasonable inference that any defendant is liable for the misconduct alleged, and her claims lack facial plausibility.   Accordingly, she fails to state a claim for relief.

### C.    <u>Subject Matter Jurisdiction Is Lacking</u>

Claims may also be dismissed *sua sponte* where the Court does not have federal subject matter jurisdiction.   *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements.").   "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."   *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).   "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."   *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377

(1994)).   At the pleading stage, a plaintiff must allege sufficient facts to show a

proper basis for the Court to assert subject matter jurisdiction over the action.

*McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v.*

*Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P.

8(a)(1).

In general, a plaintiff may establish subject matter jurisdiction in one of two

ways.   First, she may assert federal question jurisdiction based on allegations that a

defendant violated the Constitution, a federal law, or treaty of the United States.

*See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States.").   The

United States Supreme Court has recognized that a "plaintiff properly invokes

§ 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution

or laws of the United States."   *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

Second, a plaintiff may invoke the court's diversity jurisdiction, which applies

"where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States."   28 U.S.C.

§ 1332(a)(1).   In order to establish diversity jurisdiction, a plaintiff must establish

complete diversity of the parties.   *See Morris v. Princess Cruises, Inc.*, 236 F.3d

1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity

of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants").

Plaintiff does not specify the basis for the Court's subject matter jurisdiction. She makes no attempt to establish diversity jurisdiction under Section 1332(a).   To the extent she alleges federal RICO claims, she does not allege a colorable claim arising under federal law.   A claim is not colorable if: (1) the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous.   *Bell v. Hood*, 327 U.S. 678, 682 (1946).   As discussed previously, her conclusory allegations of federal racketeering by various defendants do not establish claims that arise under federal law so as to create federal question jurisdiction. Plaintiff does not allege sufficient factual matter, accepted as true, to state a civil RICO claim that is plausible on its face.   *Iqbal*, 556 U.S. at 678.

Next, Plaintiff's haphazard references to the United States Constitution and its framers are not sufficient to create federal question jurisdiction.   Any such cause of action is "so patently without merit as to justify the court's dismissal for want of jurisdiction."   *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70 (1978); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) ("It is not enough to utter the word 'Constitution' and then present a claim that rests on state

law.   If it were, every claim that a state employee committed a tort, or broke a

contract, could be litigated in federal court.   It is therefore essential that the federal

claim have some substance—that it be more than a pretext to evade the rule that

citizens of a single state must litigate their state-law disputes in state court.").

Moreover, her vague invocations of the Uniform Commercial Code implicate

claims arising under state, rather than federal, law.   *See*, *e.g.*, *Motorola, Inc. v.*

*Perry*, 917 F. Supp. 43, 48 n.5 (D.D.C. 1996); *Chase Home Finance, LLC v.*

*Mungaro*, 2005 WL 3334451, * 1-2 (N.D. Ga. Dec.8, 2005) (finding no federal

question jurisdiction where defendant claimed there was federal question

jurisdiction on the basis of the UCC); *Whitus v. Countrywide Mortg., Inc*., 2004 WL

2165362, *3 (D. Or. Sept. 24, 2004) (finding reference to the UCC is insufficient to

raise a federal question).   Likewise, any claim for violation of the Uniform Trust

Code would be a matter of state law.[2]   *See* National Conference of Commissioners

of Uniform State Laws, Uniform Trust Code (Last Revised or Amended in 2010),

*available at* www.uniformlaws.org/shared/docs/trust_code/utc_final_rev2010.pdf.

---

[2]The Court notes that Hawaiʻi has not adopted the Uniform Trust Code as of the date of this Order.
*See* National Conference of Commissioners of Uniform State Laws, Uniform Trust Code
Legislative Fact Sheet--Enactments, *available online at*
http://uniformlaws.org/LegislativeFactSheet.aspx?title=Trust%20Code; *see also* Haw. Rev. Stat.
Ch. 560 (Uniform Probate Code); HRS §§ 560:1-201 & 7-201 (establishing jurisdiction of state
circuit court to serve as probate court).

13

In sum, nowhere in the forty-one page Complaint does Plaintiff provide a legitimate basis for this Court to hear this case.   Plaintiff's rambling grievances sounding in tort, breach of contract, breach of fiduciary duty, breach of trust, allegations relating to the Uniform Commercial Code, Uniform Trust Code, and false imprisonment are—at best—state law claims that may be appropriately brought in Hawaii state courts.   These claims may not, however, be brought in federal court, absent a clearly-pled basis for federal jurisdiction.   *See Thompson*, 99 F.3d at 353 ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").   Accordingly, the Court is without the authority to adjudicate these claims, and the Complaint is DISMISSED.

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."   *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).   Because amendment *may* be possible, the Court GRANTS leave to file an amended complaint, consistent with the terms of this Order, by **June 6, 2016**.   This Order limits Plaintiff to the filing of an amended complaint that attempts to cure the specific deficiencies identified in

this Order.   New or different theories, causes of action, or additional parties are not permitted.

If Plaintiff chooses to file an amended complaint, she is STRONGLY CAUTIONED that she must clearly identify the basis for this Court's subject matter jurisdiction.   Plaintiff should also clearly allege the following: (1) the constitutional or statutory right she believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (5) what specific injury Plaintiff suffered because of that defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).   Plaintiff must repeat this process for each person or entity named as a defendant.   If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

## CONCLUSION

Based upon the foregoing, Plaintiff's Ex Parte Motion for Temporary Restraining Order is DENIED, and the Complaint is DISMISSED with limited leave to amend.   Plaintiff is granted leave to file an amended complaint no later than

**June 6, 2016**.  The Court cautions Plaintiff that failure to file an amended

complaint in conformity with this order will result in the automatic dismissal of this

action.

IT IS SO ORDERED.

Dated: May 16, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

_Okawaki v. First Hawaiian Bank, et al.;_ Civil No. 16-00232 DKW-KSC;
**ORDER DENYING EX PARTE MOTION FOR TEMPORARY
RESTRAINING ORDER AND DISMISSING COMPLAINT**

16