IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JANIS SAKAE OKAWAKI,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST HAWAIIAN BANK, *et al.*,<br><br>Defendants. | CIVIL NO. 16-00232 DKW-KSC<br><br>**ORDER DENYING REQUEST FOR RECUSAL, DISMISSING AMENDED COMPLAINT, AND DENYING AS MOOT MOTION FOR POLICE PROTECTION** |

**ORDER DENYING REQUEST FOR RECUSAL,
DISMISSING AMENDED COMPLAINT, AND
<u>DENYING AS MOOT MOTION FOR POLICE PROTECTION</u>**

**<u>INTRODUCTION</u>**

The Court dismissed Plaintiff Janis Sakae Okawaki's Complaint and granted her leave to file an amended complaint in a May 16, 2016 Order.  *See* Dkt. No. 6. On May 23, 2016, Plaintiff, proceeding pro se, filed an Amended Complaint, Notice of Amendment of Parties of Complaint to Include FCH Enterprises, Inc. and City & County of Honolulu, and Motion for Police Protection ("Motion").  *See* Dkt. Nos. 16, 17, and 18.  Plaintiff, however, did not comply with the specific guidance regarding amendment set forth in the Court's May 16, 2016 Order.  Because Plaintiff again fails to state a claim for relief and again fails to identify a basis for this Court to exercise subject matter jurisdiction, the Amended Complaint is

DISMISSED without leave to amend. To the extent Plaintiff seeks the Court's recusal, the request is DENIED. Plaintiff's Motion is DENIED AS MOOT.

## DISCUSSION

Mindful that Plaintiff is proceeding pro se, the Court liberally construes her pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

### I. The Request for Recusal Is Denied

The Court first addresses what it liberally construes as a recusal request, pursuant to 28 U.S.C. § 455, which provides, in part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party[.]

Under the statute, "the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir.

2008) (citations, quotations, and alterations omitted).  The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law."  *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted).  "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  *Id.* at 913 (quotations omitted).

The facts alleged by Plaintiff, stripped of opinion, conjecture, hyperbole, and innuendo, do not raise any question of prejudice, personal bias, impartiality, or impropriety by the Court.  At best, Plaintiff contends that the Court is incapable of impartial judgment because of the Court's prior ruling dismissing her Complaint.  *See* Amended Complaint at 5 ("If U.S. Federal District Court Judge Derrick K. Watson cannot handle my English, maybe he should recuse himself from the bench for lack of Doctoral level English comprehension.").

The Court's dismissal of her Complaint for failure to state a claim and based on the lack of subject matter jurisdiction evidences no impropriety or basis for any allegation of an extrajudicial source of bias or partiality.  To the contrary, the allegation that the Court cannot comprehend her claim stems solely from the Court's

3

conduct during the course of adjudicating Plaintiff's case. Nor does the entry of the Court's May 16, 2016 Order "three (3) days after" Plaintiff filed her civil action mean that she "cannot get a fair trial." Amended Complaint at 1. *See also id.* at 4 ("I do not understand why Judge Watson is responding to me and dismissing my case prior to my court date. Isn't U.S. Judge Watson undermining and disrespecting me, my case, the Defendants[?]"). The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source. . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). Plaintiff does not meet this standard here.

Moreover, Plaintiff also launches what amounts to untethered falsehoods of extrajudicial bias with no basis in fact or reality. *See Holland*, 519 F.3d at 913. To wit:

4

> U.S. District Federal District Court Judge Derrick K. Watson is one of the beneficiaries of loans from my Trust.  U.S. District Federal District Court Judge Derrick K. Watson has no intentions of repaying the loan to me.  This is the reason U.S. District Federal District Court Judge Derrick K. Watson is abusing, victimizing, terrorizing me in this case.  U.S. District Federal District Court Judge Derrick K. Watson needs to recuse himself from my case for being biased.

Amended Complaint at 3.

These implausible statements hardly merit a response.  To be crystal clear, these pronouncements are not only untrue, but they are fanciful and lack any basis in reality.  Plaintiff identifies no actual personal bias stemming from an extrajudicial source, evidences no "deep-seated favoritism or antagonism," and otherwise fails to show bias grounded in actual events or circumstances.  Accordingly, Plaintiff's request that the Court recuse itself is DENIED.

## II.     The Complaint Is Dismissed Without Leave to Amend

After affording Plaintiff the opportunity to file an Amended Complaint, and providing specific instructions on the permissible parameters of such an amendment, Plaintiff again fails to state a claim or provide a basis for the Court's subject matter jurisdiction.

### A.     Failure To State A Claim Under Rule 12(b)(6)

A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court may dismiss a complaint on its own motion.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").  "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se

litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Plaintiff again fails to allege the essential elements of a civil RICO claim, despite specific guidance in the Court's previous order. The Court instructed:

> To the extent she attempts to allege a civil RICO claim, Plaintiff must prove "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); *see also* 18 U.S.C. § 1961. The Complaint does not sufficiently plead any of these elements. Plaintiff does not identify the predicate acts that form the basis of the alleged "scheme of racketeering." *See Graf v. Peoples*, 2008 WL 4189657, at *6 (C.D. Cal. Sept. 4, 2008) ("Plaintiff does not expressly identify any RICO predicate acts, but simply incorporates his previous allegations. Such 'shotgun' pleading is insufficient to plead a RICO claim.") (citing *Savage v. Council on American–Islamic Relations, Inc.*, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (finding that a RICO claim was insufficient where plaintiff set forth a "redundant narrative of allegations and conclusions of law, but [made] no attempt to allege what facts are material to his claims under the RICO statute, or what facts are used to support what claims under particular subsections of RICO"); and *Federal Reserve Bank of San Francisco v. HK Systems*, 1997 WL 227955, at *3 (N.D. Cal. Apr. 24, 1997) (finding that a complaint was insufficient for failure to "identify exactly which acts are 'predicate acts' for RICO liability")).

May 16, 2016 Order at 8-9. Instead, the Amended Complaint alleges that:

7

> My case is about Federal Racketeering.  I am arguing violations to the RICO Act of an on-going criminal enterprise of terrorism against my life.  I filed my 41 page Complaint and exhibits as proof of the on-going criminal activity.
>
> . . .
>
> The best part of U.S. Federal District Court Judge Derrick K. Watson's document claims I do not have subject matter jurisdiction in U.S. Federal District Court.  I am arguing Federal Racketeering charges in violation of the RICO Act.  This on-going criminal enterprise has been terrorizing my life for 50 years.  It is called FEDERAL RACKETERING!

Amended Complaint at 4, 6.  These conclusory allegations do not set forth factual content that allows the Court to draw the reasonable inference that any defendant is liable for the misconduct alleged, and Plaintiff's claims lack facial plausibility. Accordingly, she fails to state a claim for relief under Rule 12(b)(6).

### B. <u>Subject Matter Jurisdiction Is Lacking</u>

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter

jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1). Claims may also be dismissed *sua sponte* where the Court does not have federal subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements.").

Plaintiff attempts to assert federal question jurisdiction based on allegations that defendants violated the Constitution and federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Once again, to the extent she attempts to allege a civil RICO claim, she does not state a colorable claim arising under federal law. A claim is not colorable if: (1) the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682 (1946). As discussed previously, her conclusory allegations of federal racketeering by various defendants do not establish claims that arise under federal law so as to create federal question jurisdiction.

Plaintiff does not allege sufficient factual matter, accepted as true, to state a civil RICO claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. Plaintiff fails to cure the jurisdictional defects identified in her original Complaint, and the Court remains without the authority to adjudicate her claims.

### C. Amendment Is Futile

The Court has discretion to grant leave to amend "when justice so requires." *See Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980) ("[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint[.]"). Futility of amendment can, by itself, justify the denial of a motion for leave to amend. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

The Court acknowledges Plaintiff's pro se status and has very liberally construed her pleadings. Despite prior guidance, Plaintiff's Amended Complaint does nothing to remedy the specific deficiencies noted by the Court in its previous order granting her leave to amend. Like the claims in the previous Complaint, the Amended Complaint again fails to state a claim and establish this Court's subject matter jurisdiction. The Court specifically cautioned Plaintiff in its May 16, 2016 Order that "[n]ew or different theories, causes of action, or additional parties are not permitted," and "that failure to file an amended complaint in conformity with this

order will result in the automatic dismissal of this action." May 16, 2016 Order at 15-16. In no respect, however, has Plaintiff even attempted to comply with these instructions.

Based on the particular facts and circumstances of this case and the course of the pleadings to date, the Court finds that further amendment would be futile. *See Ferris v. Santa Clara County*, 891 F.2d 715, 718-719 (9th Cir. 1989) (dismissing with prejudice plaintiff's second amended complaint where plaintiff filed complaint, district court dismissed without prejudice and indicated how to cure defects, and plaintiff nonetheless failed to cure); *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984); *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam) (dismissal without leave to amend is appropriate where it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment"). Accordingly, the Amended Complaint is DISMISSED without leave to amend.

### III. The Motion Is Denied

Plaintiff asks the Court "for 24 hour 7 day a week police protection especially on court day against the DEFENDANTS' threats against my life. I am requesting police protection until the threat against my life is over." Motion at 2. According to Plaintiff:

11

> On May 18, 2016, the Honolulu Police Department reported three (3) times to my home in Manoa to deal with my complaints of terrorism. Every day since then, the Honolulu Police Department has been at my home on complaints of terrorism against my life or for welfare checks.
>
> The United States Witness Protection Program also known as the Witness Security Program or WITSEC is authorized by the Organized Crime Control Act. This Act was amended in 1984 by the Comprehensive Crime Control Act. This act is to protect threatened witnesses or any person in the justice system before, during, and after trial protection and applies to the State of Hawaii through the Honolulu Police Department. Because I am being terrorized and threatened by an on-going criminal enterprise, I am requesting (VERY LOUDLY) for police protection by the Honolulu Police Department!!!
>
> Since filing my case in Federal Court regarding Federal Racketeering, I have visits almost daily by the Honolulu Police Department regarding terrorism against my life.

Motion at 2-3.

Because of the deficiencies of the Amended Complaint noted above, the absence of the Court's jurisdiction over this matter, and the Court's DISMISSAL of this action without leave to amend, the Motion is DENIED AS MOOT. Even absent these issues, the Court notes that Plaintiff has not established entitlement to the relief requested in the Motion, nor does this Court possess the authority to grant it. The Motion is DENIED.

## CONCLUSION

Based upon the foregoing, Plaintiff's recusal request is DENIED, her Amended Complaint is DISMISSED with prejudice and her Motion for Police Protection is DENIED AS MOOT. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: May 24, 2016 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

*Okawaki v. First Hawaiian Bank, et al.;* Civil No. 16-00232 DKW-KSC; **ORDER DENYING REQUEST FOR RECUSAL, DISMISSING AMENDED COMPLAINT, AND DENYING AS MOOT MOTION FOR POLICE PROTECTION**